IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN CAREY LYNN, 1496095, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-4735-D |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
| Defendant. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff is a state prisoner currently incarcerated in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff files this suit against thirty-five defendants, including employees of the Allred Unit, the Telford Unit, the Beto Unit and the Montford Unit of TDCJ-CID, the University of Texas Medical Branch and Texas Tech Medical Branch. Process has not issued pending judicial screening.

Plaintiff makes numerous claims against Defendants. He states Defendants have injected with several "deadly diseases," including HIV, Hepatitis C, syphilis and gonorhea. He states

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -1-

these diseases were hidden in the tuberculosis shots he received. He states Sgt. Summers fell in love with his free-world girlfriend, so Summers had gang members beat him up. He claims Sgt. Summers, Sgt. Ricks and inmate Marcus Jackson paid officers to put semen, rat poison, glass, spit and urine in his food and drinks. He states Captain Gooden and Officer Rivas conspired with inmate Michael Munoz to place a weapon to his head to cause him to dismiss a civil suit. He claims Captain Gooden, Officer Rivas, Sgt. Ricks and Sgt. Summers conspired with Michael Munoz to steal his family's addresses and extort thousands of dollars from them. He claims Defendants stole checks he was receiving in the mail, that they stole ten thousand dollars from his inmate trust account and that they stole one hundred thousand dollars the Attorney General was sending to him. He states Defendants put chemicals in his food that caused kidney damage and paralysis. He claims Defendants switched his blood and urine samples to conceal his medical problems and that Defendants stole his identity. He also filed a motion for summary judgment on his claims.

## DISCUSSION

The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B). A claim is

factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is warranted under these circumstances. *See, e.g., Patterson v. U.S. Government*, No. 3:08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that plaintiff received messages through the television to return to her husband, that she was being tracked by a remote control bracelet and that someone at a family crisis center threatened to put her in a dungeon); *Melton v. American Civil Liberties Union*, No. 3:07-CV-856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging ACLU and its attorneys, acting as Russian agents, violated plaintiff's civil rights by using the courts to attack the United States Constitution and set up a Communist government); *Daniel v. FBI*, No. 3:03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States). The Court recommends that Plaintiff's complaint be dismissed and that his motion for summary judgment be denied.

**RECOMMENDATION**

The Court recommends that the complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1), and 1915(e)(2)(B) and that his motion for summary judgment be denied.

Signed this 9th day of January, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).